ERVIN, Justice
(dissenting):
This case involves the ground transportation of race horses that are transported by airplane to the Miami airport but whose final destinations are race tracks or other terminii located in the vicinity of the airport within a 25-mile radius hereinafter described. The transportation of the horses to final destination is in interstate commerce under the jurisdiction of the Interstate Commerce Commission as to the ground transportation, and the Civil Aeronautics Board as to air transportation. In 1964 it was determined by those two agencies that ground transportation would encompass a 25 air line mile radius around an involved airport. See Incidental to Air Rule, 1964, MC-C-3437, 95 M.C.C. 71.
F.S. Section 323.02, F.S.A., authorizes the Florida Public Service Commission to issue for-hire permits to auto transportation companies in instances where neither a certificate of public convenience and necessity nor a certificate of registration of the Interstate Commerce Commission is issuable.
The Public Service Commission has construed the statutes to authorize it to issue for-hire permits in the 25-mile area surrounding an airport to allow completion of interstate transportation from the airport to final destination in the area. It does this, inter alia, because of tacit agreement with the Interstate Commerce Commission which although it has jurisdiction does not issue local certificates of registration or other type of interstate transportation authority in the 25-mile ground transportation area.
F.S. Section 323.01(9), F.S.A., defines “for hire” to mean any motor carrier engaged in the transportation of persons or property over the public highways of this state which is not a common or contract carrier or charter carrier and “transports such persons or property in single, casual and nonrecurring trips.”
The Commission concludes that the completion of transportation of an interstate shipment of race horses from the Miami airport to a race track or other point in the vicinity (i. e., within the 25-mile zone) is in its nature casual and nonrecurring, being dependent upon whether the shipper or the receiver of the shipment of the horses needs for-hire transportation to bring them to their final destination in the particular instance.
I think we should accept this departmental construction of these statutes because the Commission has the duty and authority under the police power to realistically and practically supervise the transportation needs of the public under given circumstances. Accordingly, we should not interfere with the for-hire permit issued Murty Bros. Agency, Inc. by the Commission.
The fact that an auto transportation company such as Murty Bros, is a common or certified carrier does not preclude it from also securing a “for hire” permit to transport property not falling in the category of common carriage, etc.